UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARY H. MOORE,

                              Petitioner,

        v.                                                      9:23-CV-1286
                                                                (TJM/DJS)

NEW YORK STATE SENTENCE & COMMITMENT
PAPER; NEW YORK STATE APPELLATE DIVISION,
FOURTH DEPARTMENT #OP2200929; JUDGE
MURAD, Oneida County of New York State Index #
2020-1690,

                      Respondents.[1]

APPEARANCES:                                        OF COUNSEL:

GARY H. MOORE
Petitioner, pro se
95-A-6242
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

THOMAS J. McAVOY
United States Senior District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Petitioner Gary H. Moore seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet.").[2]  Petitioner also remitted the statutory filing fee with the petition.

---

    [1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated.  *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes.  Petitioner has incorrectly named several respondents; therefore, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent, Michael D'Amore, Superintendent of Marcy Correctional Facility.

    [2] Citations to the petitioner's pleading refers to the pagination generated by CM/ECF, the Court's electronic filing system.

Dkt. Entry for Pet. dated 10/18/2023 (memorializing receipt information from the filing fee transaction).

## II.    PREVIOUS HABEAS PETITION

Most recently, petitioner filed an action seeking federal habeas relief in the District Court for the Eastern District of New York ("Eastern District"); however, the petition was dismissed as successive.  *Moore v. Superintendent of Cayuga Corr. Facility*, No. 1:19-CV-3384, 2019 WL 11626171, at *1 (E.D.N.Y. June 21, 2019).  The relevant procedural history, as outlined by the Eastern District, is included below:

> Petitioner has previously challenged his 1995 Nassau County conviction pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York.  *Moore v. Miller*, No. 99-CV-6722, slip op. (E.D.N.Y. Aug. 15, 2000) (denying petition), *appeal dismissed*, Mandate, No. 00-2533 (2d Cir. Nov. 29, 2000).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A).  Petitioner has previously filed multiple successive petitions in this Court, which were transferred to the United States Court of Appeals or dismissed.  *Moore v. Domelli*, No. 05-CV-532, slip op. (E.D.N.Y. Jan. 18, 2006) (transferring petitioner's habeas application to the Second Circuit pursuant to 28 U.S.C. § 1631), *certification of successive petition denied*, Mandate, No. 06-0322 (2d Cir. Sept. 26, 2006); *Moore v. Vann*, No. 06-CV-5592, 2006 WL 3335046 (E.D.N.Y. Nov. 16, 2006) (transferring petition to Second Circuit); *Moore v. Vann*, No. 07-CV-3896, slip op. (E.D.N.Y. Sept. 25, 2007) (same), *certification of successive petition denied*, Mandate, No. 07-4132 (2d Cir. Jan. 23, 2008); *Moore v. N.Y.S. Appellate Div. Fourth Dep't*, Nos. 10-CV-5952 (KAM), 11-CV-204 (KAM), 2011 WL 703711 (E.D.N.Y. Feb. 17, 2011) (dismissing petitions); *Moore v. Superintendent of Southport Corr. Facility*, No. 12-CV-702 (KAM) (E.D.N.Y. Feb. 23, 2012) (transferring petition to Second Circuit), *certification of successive petition denied*, Mandate, No. 12-716 (2d Cir. May 9, 2012); *Moore v. Superintendent of Southport Corr. Facility*, No. 12-CV-4302 KAM, 2012 WL 5289599 (E.D.N.Y. Oct. 19, 2012)

(transferring petition to Second Circuit), *lv. denied*, Mandate, No.
12-4294 (2d Cir. Feb. 26, 2013).

*Id.*

## III.    THE PRESENT PETITION

Petitioner's present petition is difficult to decipher because it fails to include any detail
about the specifics of his underlying criminal conviction, the direct and collateral challenges
of that conviction, and the specific bases upon which he presently seeks relief.  However,
petitioner does indicate that he has been "illegally detained for over 29 years and 4 months,"
Pet. at 1, pursuant to an illegal indictment and unlawful felony complaint "filed in Nassau
County district court on May 25th, 1994,"  Pet. at 3.  It is reasonable, then, to assume that
petitioner challenges his 1995 conviction from Nassau County, upon a jury verdict, for
second degree burglary for which petitioner received a sentence of 15 years to life in prison.
*People ex re. Moore v. Connolly*, 56 A.D.3d 847, 847-48 (3rd Dep't 2008).

Petitioner argues that the Oneida County Judge and Appellate Division "both have
jurisdiction to release the petitioner on a New York State writ of Habeas Corpus[.]" *Id.* at 4.
Further, petitioner contends that he successfully exhausted his state court remedies by filing
a habeas corpus petition with the Appellate Division on September 27, 2023, as well as a
motion to re-open on October 2, 2023.  *Id.* at 3-4.  Petitioner seeks a "speedy disposition" of
this action, presumably requesting his release from the "illega[] det[ention] under New York
Sentence and Commitment Paper[s placing him] . . . into involuntary servitude[.]"  *Id.* at 6.
For a more complete statement of petitioner's claims, reference is made to the petition.

## IV.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of

petitioners to file second or successive petitions.  *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003).  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

In such circumstances, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").  The Second Circuit has directed "that when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by th[e Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to th[e Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v.*

4

*United States*, 95 F.3d 119, 123 (2d Cir. 1996).

Here, petitioner has already filed a habeas action, as well as several successive applications, in the Eastern District. *Moore*, 2019 WL 11626171 at *1 (citing cases). Petitioner is again challenging the same criminal conviction which he already attacked in his prior petition. *Id.* While it is unclear what grounds petitioner previously raised in his federal habeas petitioner, it is clear that any of the other challenges to his 1995 conviction were deemed successive and transferred to the Second Circuit; therefore, the prior Eastern District decision must have been on the merits. *Id.* Furthermore, petitioner challenges the indictment and felony complaint underlying his criminal charges, both of which could have been raised in any of the earlier petitions because it was information which the petitioner knew of since the inception of his state court criminal proceedings. Therefore, the petition is successive. The next question is whether the petition should be transferred to the Second Circuit in the interests of justice.

The Second Circuit rested its decision that subsequent petitions should be transferred instead of dismissed on 28 U.S.C. § 1631 which was intended to "aid litigants who were confused about the proper forum for review." *Liriano*, 95 F.3d at 122. "In determining whether a transfer is in the interests of justice . . . [f]actors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely . . . and a finding that the original action was filed in good faith." *Id.* (internal quotation marks and citations omitted). In *Liriano*, the Second Circuit specifically defined an instance of good faith, where the inmate's successive "filing . . . reflect[ed] ignorance concerning the . . . procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements." *Id.*

Here, it does not appear that petitioner's action was filed in good faith. Between 2006

5

and 2019, Petitioner has had at least six previous actions seeking federal habeas relief transferred to the Second Circuit for permission to be successively filed. *Moore*, 2019 WL 11626171 at *1. Further, it does not appear that petitioner has ever received permission to file a subsequent petition and, in fact, has had such requests expressly denied by the Second Circuit in at least four of the aforementioned cases. *Id.* In sum, petitioner has had several successive petitions previously decided by the Eastern District and transferred to the Second Circuit; therefore, petitioner was not only aware, but had repeatedly experienced, the proper procedure related to successive petitions. *See Brown v. United States*, No. 1:13-CV-7937, 2014 WL 12909140, at *2 (S.D.N.Y. Jan. 7, 2014) (holding that "in light of petitioner's previous duplicative applications [for federal habeas corpus relief], this Court declines to transfer the action to the Second Circuit."). For this reason, dismissal of the petition, instead of transfer, is the better option because it represents the most efficient use of judicial resources and petitioner's time.

**V.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition be **DISMISSED**; and it is further

**ORDERED** that if petitioner seeks to file any other subsequent petitions challenging his 1995 Nassau County burglary conviction, petitioner must seek permission from the Second Circuit, 28 U.S.C. § 2244(b); and it is further

**ORDERED** that because petitioner makes no substantial showing of a denial of a

constitutional right as 28 U.S.C. § 2253 requires, a certificate of appealability will not issue;[3]

and it is further

      **ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with

the Local Rules.

Dated: November 7, 2023

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).